UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FIRST FINANCIAL EDUCATION
CENTERS LLC,

    Plaintiff,

vs.                               Case No. 3:21-cv-157-MMH-MCR

THE ZIEGLER GROUP, LLC, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction

1

pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On February 16, 2021, Plaintiff filed a Complaint for Damages and Injunctive Relief (Doc. 1) asserting that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000." See Complaint ¶ 11. In support, Plaintiff alleges that it is a "Florida limited liability company with its principal place of business in Jacksonville, Florida." Id. ¶ 2. Likewise, Plaintiff asserts that Defendant The Ziegler Group, LLC is an Arizona limited liability company (LLC) with its principal place of business in Colorado, id. ¶ 3, and that WealthyIQ, LLC is a Wyoming LLC with its principal place of business in Wyoming, id. ¶ 5. As to the individual Defendants, Plaintiff alleges that Jeffrey Ziegler and Tina Ziegler are citizens of Colorado. Id. ¶ 4. Upon review of these allegations, the Court is unable to determine whether it has diversity jurisdiction over this action because Plaintiff has inadequately pled the citizenship of the limited liability companies named in this case.[1]

---

[1] The failure to adequately allege diversity jurisdiction in this case is certainly not unique. See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar."). But, as aptly stated in Wilkins, the all-to-common "failure to demonstrate even a passing

2

For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). As such, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members. See id. at 1021-22. Thus, to establish the citizenship of the LLC parties to this case, Plaintiff must identify the citizenship of each member of First Financial Education Centers LLC, The Ziegler Group, LLC, and WealthyIQ, LLC, rather than alleging the states in which these companies were formed and their principal places of business. In this regard, Plaintiff is cautioned that each and every member of these three LLCs must be identified and also have their individual citizenship properly alleged, whether that member be an individual, corporation, LLC, or other entity. Without this additional information, the

---

familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Id. Indeed,

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

Id. at *1 n.4. As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction. See id. at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.² Accordingly, it is

**ORDERED**:

Plaintiff shall have up to and including **March 11, 2021**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on February 18, 2021.

MARCIA MORALES HOWARD
United States District Judge

---

² Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

4

lc11
Copies to:

Counsel of Record
Pro Se Parties